IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE HENRY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC TICE *et al.*, | : | |
| Respondents. | : | No. 18-298 |

# O R D E R

**AND NOW**, this 15th day of May, 2018, upon consideration of the Petition for Writ of *Habeas Corpus* filed by Petitioner Dwayne Henry (Doc. No. 1), Magistrate Judge Timothy Rice's Report & Recommendation (Doc. No. 5), and Petitioner's Objection to the Report & Recommendation (Doc. No. 7), it is **ORDERED** that:

1. The Petitioner's Objections (Doc. No. 7) are **OVERRULED**.[1]

2. The Report & Recommendation (Doc. No. 5) is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of *Habeas Corpus* (Doc. No. 1) is **DISMISSED** with prejudice without an evidentiary hearing.

---

[1] The Court agrees with Magistrate Judge Rice that Mr. Henry's claim for ineffective assistance of his PCRA counsel is not cognizable. *See* Report & Recommendation at 2–3. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Further, the Court agrees with Magistrate Judge Rice that Mr. Henry's claims for ineffective assistance of trial and appellate counsel are meritless. Mr. Henry argues that his counsel was ineffective in failing to challenge the jury instructions and the sufficiency of the evidence against Mr. Henry, and in failing to raise a Confrontation Clause challenge to the testimony of the investigating detective. The Court agrees with Magistrate Judge Rice that none of Mr. Henry's arguments has merit. *See* Report & Recommendation at 4–6 (jury instructions); *id.* at 6 (sufficiency of the evidence); *id.* at 6–8 (Confrontation Clause). "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Mr. Henry's petition is dismissed.

4. There is no probable cause to issue a certificate of appealability.[2]

5. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Magistrate Judge Rice that there is no probable cause to issue such a certificate in this action.